UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOSEPH OZORMOOR,

      Plaintiff,

v.                                                                                    Case No. 08-11717

T-MOBILE USA, INC.,                                                HONORABLE AVERN COHN

      Defendant.

_____/


**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO AMEND OR IN THE ALTERNATIVE FOR**
**RECONSIDERATION**[1]

I.

This is a contract case.  Plaintiff Joseph Ozormoor (Ozormoor), an attorney

proceeding pro se, is suing his former wireless service provider, defendant T-Mobile

USA, Inc. (T-Mobile), claiming (1) Bad Faith Breach of Contract; (2) Violation of

Michigan Consumer Protection Act; (3) Intentional Infliction of Emotional Distress; and

4) Defamation.  T-Mobile moved to enforce the arbitration provision in the contract and

stay proceedings pending arbitration.  The Court granted the motion in part.[2]  See

Memorandum and Order filed June 19, 2008.

Before the Court is Ozormoor's motion to amend or in the alternative for

reconsideration of the Court's June 19, 2008 order.  Ozormoor says that the Court

should reconsider whether:  (1) The T-Mobile Service Contract is unconscionable;

_____

[1]Upon review of the parties' papers, the Court finds that oral argument is not
necessary.  See E.D. Mich. LR 7.1(e)(2).

[2]The Court found the cost-splitting provision severable and unenforceable.

(2) The arbitration provision in the T-Mobile Service Contract was reciprocally binding;

(3) The T-Mobile Service Contract's arbitration provision is enforceable under the

Michigan Consumer Protection Act; and (4) The T-Mobile Service Contract's arbitration

provision is enforceable as a binding arbitration under Michigan's Arbitration Act. For

the reasons that follow, the motion will be denied.

## II.

The facts of this case are set forth in the Court's Memorandum and Order of

June 19, 2008 and will not be repeated. What follows is a brief statement of the

relevant procedural history. On June 19, 2008, the Court found that all of Ozormoor's

claims fall within the scope of state and federal arbitration provisions but that the cost-

splitting requirements, requiring customer to pay half of the administrative fees in

arbitration, in addition to his own legal expenses, were not enforceable.

The proceedings were then stayed pending arbitration of Ozormoor's claims.

Between June 19, 2008 and October 13, 2008, Ozormoor took no steps to initiate

arbitration against T-Mobile. In response to Ozormoor's inaction, T-Mobile filed a

motion to vacate the stay and dismiss Ozormoor's claims on October 13, 2008. That

motion is the subject of a separate order.

## III.

Ozormoor says the motion is brought under Fed. R. Civ. P. 52(b) (Motion to

Amend Findings)[3] and 59(e) (Motion to Alter or Amend Judgment) and/or Fed. R. Civ.

---

[3]Rule 52(b) provides:
Plain Error. A plain error that affects substantial rights may be considered even
though it was not brought to the court's attention.

P. 60(b).[4]  He also characterizes the motion as a motion for reconsideration, which is

governed by E.D. Mich LR 7.1(g).[5]  Motions under Rule 52(b) and 59(e) and E.D. Mich

7.1 (g) must be brought within ten days after entry of the judgment.  Although Ozormoor

failed to file the motion within 10 days, he contends he did not receive the Court's order

until about four months later, when he received T-Mobile's motion to vacate the stay

and dismiss.  The Court, at Ozormoor's request, granted him an extension of time in

which to file a response to T-Mobile's motion, by November 17, 2008.  On November

13, 2008, Ozormoor filed the instant motion.  While T-Mobile is correct that the motion is

untimely under Rule 52(b), 59(e) and LR 7.1(g), the Court, in the interests of judicial

economy, will consider the motion.

IV.

A.

Ozormoor first argues that the Court erred by finding that the T-Mobile Service

Contract was not unconscionable.  Ozormoor says that the Court was misled by T-

---

[4]Rule 60(b) provides that a "court may relieve a party ... from a final judgment, order, or proceeding" for several reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

[5]E.D. Mich LR 7.1(g) provides in relevant part:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Mobile's assertion that other wireless providers were available in November 2003 with the original contract was made and in March 2005 when it was renewed. This argument is without merit.

First, Ozormoor relies upon the assertion that the original contract was the result of a promotional offering with unique incentives not offered by other wireless providers at the time. Ozormoor again cites <u>Allen v. Michigan Bell Tel. Co.</u>, 18 Mich. App. 632 (1969) to argue that his contract with T-Mobile unconscionable. However, this Court rejected this argument in its June 19, 2008 Order and found that <u>Allen</u> is not applicable to this case. See Memorandum and Order at p. 8. In <u>Allen</u>, the court found that the limitation-of-liability clause in the agreement covering advertising services was unconscionable because the defendant's Yellow Pages was the only directory of classified telephone listings freely distributed to all the telephone subscribers in the Flint area. <u>Id.</u> at 641. The plaintiffs in <u>Allen</u> had no other option for Yellow Pages advertising so the contract was a strict "take it or leave it" proposition. <u>Id</u>.

Here, unlike <u>Allen</u>, we are not dealing with the availability of one service provider to an entire metropolitan area. There are several other wireless providers that offer cellular telephone service. Ozormoor has not provided any evidence that other wireless providers were unable to provide Ozormoor with similar or better service except for conclusory statements about the lack of competitive incentives. Ozormoor may have preferred the incentives that T-Mobile was offering at the time of contract, however, this fact alone does not support a lack of reasonable alternative providers in the wireless provider market. Therefore, this argument is not grounds for to alter or amend the Court's decision or grant reconsideration.

B.

Ozormoor next argues that the Court erred in finding that the T-Mobile arbitration provision was reciprocally binding. Ozormoor says that the arbitration agreement is not reciprocally binding because it reserves the right to T-Mobile to refer its claims to courts while customers must arbitrate their claims against T-Mobile. This argument was also considered and rejected. See Memorandum and Order at p. 7. Moreover, the provision of the T-Mobile Service Contract that Ozormoor relies upon applies to collection agencies not T-Mobile. T-Mobile must also submit any disputes that arise under the T-Mobile Service Agreement to arbitration. Therefore, there is a reciprocally binding arbitration agreement and this argument fails.

C.

Ozormoor further argues that the arbitration agreement prohibits and waives statutory rights and remedies provided in the Michigan Consumer Protection Act. Ozormoor argues that the arbitration agreement limits damages to the prorated monthly or other charges for the applicable service and waives any rights to statutory remedies provided under the Michigan Consumer Protection Act. This argument is misplaced.

The arbitration agreement specifically states that "some statues do not allow the exclusion of limitation of incidental or consequential damages or other modification of or limitations to certain remedies, so the above exclusion or limitation may not apply to you, in whole or in part." This language clearly limits the application of the arbitration agreement's limitation on damages. If Michigan law prohibits limitations to damages, then Michigan law clearly controls and the arbitration agreement does not. Thus, this

5

argument is not grounds to alter or amend the court's decision or warrant reconsideration.

D.

Finally, Ozomoor argues that the Court erred in finding the arbitration agreement enforceable because the agreement does not qualify for binding statutory arbitration. Ozormoor argues that because arbitration agreement lacks the phrase "a judgment of any circuit court may be rendered upon the award made pursuant to the agreement" that it does not qualify for binding arbitration but is instead a revocable common-law arbitration. This argument is without merit.

Michigan courts do not require arbitration agreements to contain the exact phrase "a judgment of any circuit court may be rendered upon the award made pursuant to the agreement." Instead, Michigan courts recognize that arbitration clauses are to be liberally construed, with all doubts about the arbitrability of an issue resolved in favor of arbitration. <u>Kukowski v. Piskin</u>, 99 Mich. App. 1, 3 (1980).

Moreover, the arbitration agreement is submitted pursuant to the American Arbitration Association's wireless industry arbitration rules. According to the Wireless Industry Arbitration rules, Section R-26 part (c), "Parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof." This portion of the Wireless Industry Arbitration rules applies to the arbitration agreement within the T-Mobile Service Contract. This argument also fails.

IV.  Conclusion

Ozormoor has failed to show a clear error in the Court's June 19, 2008 decision.

For the reasons stated above, Ozormoor's motion to amend or in the alternative for

reconsideration is DENIED.

SO ORDERED.


 s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  December 9, 2008


I hereby certify that a copy of the foregoing document was mailed to the attorneys of
record on this date, December 9, 2008, by electronic and/or ordinary mail.


 s/Julie Owens
Case Manager, (313) 234-5160