UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH OZORMOOR,

    Plaintiff,

v.        Case No. 08-11717

T-MOBILE USA, INC.,        HONORABLE AVERN COHN

    Defendant.
_____/

**MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO VACATE STAY OF PROCEEDINGS AND TO DISMISS COMPLAINT[1]**

I.

This is a contract case. Plaintiff Joseph Ozormoor (Ozormoor), an attorney proceeding pro se, is suing his former wireless service provider, defendant T-Mobile USA, Inc. (T-Mobile), claiming (1) Bad Faith Breach of Contract; (2) Violation of Michigan Consumer Protection Act; (3) Intentional Infliction of Emotional Distress; and 4) Defamation. T-Mobile moved to enforce the arbitration provision in the contract and stay proceedings pending arbitration. The Court granted the motion in part.[2] See Memorandum and Order filed June 19, 2008.

---

[1] Upon review of the parties' papers, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

[2] The Court found the cost-splitting provision severable and unenforceable.

Before the Court is T-Mobile's motion to vacate the stay and dismiss the case[3] on the grounds that because the Court has found all of Ozormoor's claims subject to arbitration, dismissal, rather than a stay, is appropriate. The Court agrees. For the reasons that follow, the motion will be granted, the stay will be vacated, and the case dismissed.

II.

T-Mobile moved to enforce the arbitration provision in the parties' contract and stay proceedings pending arbitration. On June 19, 2008, the Court found that all of Ozormoor's claims fall within the scope of state and federal arbitration provisions, granted T-Mobile's motion in part and stayed the case. Since that order, Ozormoor has taken no steps toward arbitration.[4]

III.

The Federal Arbitration Act directs the Court to stay an action pending arbitration:

> Upon a determination that a valid arbitration agreement exists and that a particular dispute falls within the terms of that agreement, the Court must "direct[ ] the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.

However, a court may dismiss a case when all issues raised in the complaint are arbitrable. The Sixth Circuit has stated that " '[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted

---

[3] Also before the Court is Ozormoor's motion to amend or for reconsideration. That motion is the subject of a separate order entered this date.

[4] Ozormoor contends that he was not aware of the Court's June 19, 2008 decision until T-Mobile filed the instant motion.

2

to arbitration.' " Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir.2000) (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir.1992)); See, also Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) (concluding "dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable") (citation omitted); Gassner v. Jay Wolfe Toyota, No. 4:06-CV-1335 CAS, 2007 WL 1452240, at *3 (E.D. Mo. May 15, 2007) ("Where all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action."). Courts in this circuit have followed this rule. See Moore v. Ferrellgas, Inc., 533 F. Supp. 2d 740 (W.D. Mich. 2008); Shammami v. Broad Street Securities, Inc., 544 F. Supp. 2d 585, 588 n. 6 (E.D. Mich. 2008) (collecting cases).

In response, Ozormoor does not address this authority but rather contends that dismissal is not appropriate because he has filed a motion to amend or for reconsideration and relies on the arguments asserted in that motion. As the Court this date has entered an order denying Ozormoor's motion, this argument fails. Dismissal of the complaint is appropriate because all of Ozormoor's claims are arbitrable. Moreover, as T-Mobile points out, dismissal does not impair either parties' ability to seek post-arbitration relief to obtain judicial review of any arbitration award.

IV.

For the reasons stated above, T-Mobile's motion is GRANTED. The stay is VACATED. This case is DISMISSED.

SO ORDERED.

    s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: December 9, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 9, 2008, by electronic and/or ordinary mail.

    s/Julie Owens
Case Manager, (313) 234-5160